IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DERRICK BERNARD JACKSON,<br>    Debtor-Appellant,<br>                         v.<br>ARTHUR M. MCCRACKEN, *et al.*,<br>    Appellees. | Civil Action No.<br>1:23-cv-00046-SDG |

**OPINION AND ORDER**

This matter is before the Court on Appellees Arthur M. McCracken, Julie McCracken, and Paramount Properties Management Group, LLC's (collectively, Appellees) motion for sanctions [ECF 12] against Debtor-Appellant Derrick Bernard Jackson and motion to strike [ECF 18]. The motions are **DENIED**.

**I.   Background**

Jackson is an alleged frequent Chapter 13 filer, with five previously dismissed bankruptcy cases in the last eight years, including the case giving rise to this appeal.[1]

This case arises from a long-running dispute between the parties over property and Jackson's alleged inability to pay what he allegedly owes Appellees. On December 1, 2022, the bankruptcy court entered an order disposing of

---

[1]   ECF 12, at 8.

Appellees' Motion for Relief from the Automatic Stay in Jackson's underlying Chapter 13 bankruptcy case (the Chapter 13 Case).[2] The bankruptcy court found that the subject Lease for Residential Property at 955 Tiverton Lane, Johns Creek, Georgia 30022 (the Property) and the Purchase and Sale Agreement between Jackson and the McCrackens terminated prior to the filing of the Chapter 13 Case, and therefore the Property was not property of the bankruptcy estate.[3] Accordingly, the bankruptcy court relieved Appellees from the automatic stay in the Chapter 13 Case so that they could pursue a parallel action against Jackson in the Superior Court of Fulton County, Georgia to obtain possession of the Property and funds held in that court's registry if permitted by that court.[4]

On December 13, Jackson filed a *pro se* Notice of Appeal, electing to have the appeal heard by this Court.[5] The Bankruptcy Notice of Appeal was docketed with this Court on January 4, 2023.[6] On January 17, Jackson was able to retain counsel (Counsel).[7] On January 18, Counsel filed a motion for extension of time to file

---

[2] ECF 1.

[3] ECF 1-1, at 3–4.

[4] *Id.*

[5] *Id.* at 1–2.

[6] ECF 1.

[7] ECF 2, ¶ 2.

certain documents on Jackson's behalf.[8] Meanwhile, on January 25, due in part to Jackson's failure to appear at a bankruptcy court hearing on the Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss, the bankruptcy court dismissed the Chapter 13 Case with prejudice and ordered that he was barred from filing another Chapter 13 case for 180 days.[9]

Shortly thereafter, on February 1, Appellees moved to dismiss the appeal.[10] Meanwhile, Jackson moved to vacate the bankruptcy court's dismissal of the Chapter 13 Case, and, on February 22, the bankruptcy court heard argument on and denied Jackson's motion. Appellees then filed two motions to supplement their motion to dismiss the appeal before Counsel filed a notice of voluntary dismissal of the appeal on March 8.[11] Appellees moved for sanctions against Jackson on April 7. Undersigned heard argument on the then-pending motions on June 15, resolved several of them, and took the motion for sanctions under advisement.[12] The next day, Jackson filed a post-hearing brief,[13] and, on June 30,

---

8   ECF 2.

9   ECF 3, ¶ 9. [Need citation to bankruptcy record]

10  ECF 3.

11  ECFs 8–10.

12  ECF 17.

13  ECF 16.

Appellees moved to strike it.[14] The motion for sanctions and motion to strike are before the Court now.

## II. Discussion

### A. The Motion to Strike

Motions to strike are "time wasters," disfavored by this Court and others, and viewed as "a drastic remedy to be resorted to only when required for the purposes of justice." *TracFone Wireless, Inc. v. Zip Wireless Prod., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (citing *Stephens v. Trust for Pub. Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007)). They are also procedurally improper for the relief sought here. Rule 12(f) permits the Court to "strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Since Rule 12(f) only contemplates striking material from a pleading, this Court routinely finds that a motion to strike "is not the appropriate vehicle for challenging the consideration of evidence." *Green v. ADCO Int'l Plastics Corp.*, 2017 WL 8810690, at *5 (Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 739794 (N.D. Ga. Feb. 7, 2018); *see also S. River Watershed All., Inc. v. DeKalb Cnty., Ga.*, 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) (quoting *Nelson v. Jackson*, No. 1:14-cv-02851-ELR-JFK, 2016 WL 9454420, at *1 (May 18, 2016), *report*

---

[14]   ECF 18.

*and recommendation adopted as modified*, 2016 WL 9455425 (N.D. Ga. June 30, 2016) ("[M]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.")). Even if the motion to strike were proper, the Court finds that justice does not require such a drastic remedy under the circumstances here. *TracFone Wireless, Inc.*, 716 F. Supp. 2d at 1290 (citation omitted).

Nevertheless, because Jackson's post-hearing brief is not authorized by the Federal Rules or Local Rules of this Court, and was filed without the Court's direction or grant of leave, the Court disregards it.

### B. The Motion for Sanctions

#### 1. Legal Standard

Under the Bankruptcy Rules, a district court may award sanctions for a frivolous appeal "after a separately filed motion . . . and reasonable opportunity to respond." Fed. R. Bankr. P. 8020. Rule 8020 is "the bankruptcy equivalent of Rule 38 of the Federal Rules of Appellate Procedure." *In re Creative Desperation Inc.*, 443 F. App'x 399, 401 (11th Cir. 2011); *see also* Fed. R. Bankr. P. 8020 advisory committee's note to 1997 amendment ("[T]his rule recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."). Because Rule 8020 follows the language of Appellate Rule 38,

"courts apply cases interpreting Rule 38 in determining whether to grant sanctions under Rule 8020." *West v. Chrisman*, 518 B.R. 655, 667 (M.D. Fla. 2014).

Sanctions are appropriate under Rule 38 "when a party ignored the governing law and relied on clearly frivolous arguments." *In re Wizenberg*, 838 F. App'x 406, 415 (11th Cir. 2020) (cleaned up). To determine whether an appeal is so "utterly devoid of merit" as to warrant sanctions, courts consider whether the appellant exhibited bad faith and "whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or[ ] misrepresents the record." *West*, 518 B.R. at 667 (citations omitted).

In the context of Rule 38, courts are generally "reluctant to impose . . . sanctions on *pro se* appellants" but have found such sanctions "warranted in cases when a *pro se* appellant has been already warned that the suit is frivolous." *In re Smith*, 849 F. App'x 867, 872 (11th Cir. 2021); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 847 (11th Cir. 2020) (noting that the Eleventh Circuit Court of Appeals has "imposed sanctions on *pro se* appellants who had been explicitly warned that their claims were frivolous"). Prior to awarding sanctions, courts thus consider whether the *pro se* appellant was "put on sufficient notice that the arguments

raised in [the] appeal are frivolous and utterly without merit." *In re Smith*, 849 F. App'x at 873.

This case presents the additional question of whether sanctions should be imposed on an appellant who began this appeal *pro se*, soon thereafter retained Counsel, and proceeded with a frivolous appeal for a short time until a few days after the bankruptcy court denied his motion to vacate its dismissal of his underlying case. Few courts have considered what the parties debate here: whether a debtor-appellant standing in Jackson's shoes should be considered *pro se* or represented by counsel, and how that designation affects the imposition of sanctions against him.

## 2. Analysis

Appellees argue that Jackson's appeal was frivolous because most of his filings with the bankruptcy court were conclusory, devoid of evidence, and rife with citation to inapposite authority.[15] Appellees also assert that many of Jackson's arguments were based on theories that the bankruptcy court previously determined were unlikely to succeed on appeal.[16] The only reasons for Jackson's

---

15   ECF 12, at 6.

16   *Id.*

appeal, Appellees aver, were delay and harassment.[17] And during oral argument, Appellees insisted that Counsel's failure to dismiss the appeal before Jackson's motion to vacate the Chapter 13 Case dismissal had been adjudicated should be held against Jackson.

On this record, the Court disagrees. Many of Appellees' arguments boil down to technical violations of the Bankruptcy Rules before Counsel commenced his representation of Jackson. The Court credits Counsel's representation during oral argument that, before Jackson engaged Counsel, Jackson's appeal was an unlearned attempt at protecting his rights in parallel state court proceedings. This position comports with logic and common sense. A bankruptcy petition brings on an automatic stay, which immediately stops most other debt-related litigation or collection actions against the debtor and affects all those involved in various other ways. But when the stay is lifted, as happened in this case, the other matters are allowed to proceed. Despite his unrefined pleadings, Jackson was within his rights to appeal the bankruptcy court's decision to lift the stay and dismiss the Chapter 13 Case. Although he did so imperfectly, he proceeded *pro se* and not clearly in bad faith.

---

17   *Id.*

Appellees also decry Counsel's failure to immediately right the ship. For example, Appellees complain that "[o]nly after the Appellees' Motion to Dismiss and two supplements to the Motion to Dismiss Appeal did the Appellant file a voluntary dismissal."[18] But, viewed through Jackson's eyes, the order of events in this case shows that Jackson's counsel opposed Appellees' Motion to Dismiss until the moment that the bankruptcy court's dismissal of the Chapter 13 Case became final. Viewed this way, Counsel's short delay in voluntarily dismissing the appeal after the bankruptcy court declined to vacate its dismissal of the Chapter 13 Case was not unreasonable. Any legal fees Appellees accumulated between when the bankruptcy court denied Jackson's motion to vacate its dismissal order on February 22 and Counsel's March 8 filing of Jackson's Notice of Voluntary Dismissal were relatively insignificant.

Importantly, for all of the Court's misgivings about Jackson's actions over the course of his many bankruptcy cases, Jackson's counsel appears to have tried to right the ship. The course of conduct here is a far cry from the conduct exhibited by more pervasive (and sanctioned) bankruptcy filers. *Cf. Dees v. New Rez, LLC*, 2022 WL 2020548, at *6 (N.D. Ga. July 29, 2022) (sanctioning Dees in her fourteenth

---

[18]   *Id.* at 7.

bankruptcy proceeding in 9 years). The Court therefore finds that sanctions are unwarranted.

The motion for sanctions [ECF 12] and the motion to strike [ECF 18] are **DENIED**. The Clerk of Court is **DIRECTED** to close the case.

**SO ORDERED** this 11th day of September, 2023.

                                      Steven D. Grimberg
                          United States District Court Judge